

## NUMBER 13-14-00026-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE THOMAS GARCIA AND STEPHANIE JEFFERSON AND ALL OCCUPANTS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion Per Curiam[1]

Relators, Thomas Garcia, Stephanie Jefferson, and all occupants, filed a petition for writ of mandamus in the above cause on January 15, 2014, contending that the trial court abused its discretion in striking relators' supplemental answer and affidavit raising the issue of the trial court's jurisdiction as untimely filed.[2]  This Court requested and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] There are two appeals currently pending in this Court arising from these same trial court proceedings:  Thomas Garcia and Stephanie Jefferson and all Occupants v. Green Tree Servicing LLC, cause number 13-13-00694-CV, and Thomas Garcia and Stephanie Jefferson and all Occupants v. Green Tree Servicing LLC, cause number 13-13-00695-CV.

received a response to the petition for writ of mandamus from the real party in interest, Green Tree Servicing LLC.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and

2

money utterly wasted enduring eventual reversal of improperly conducted proceedings."

*Id.*

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the foregoing law, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
3rd day of February, 2014.